## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS RAY TERRY, et al.,    ) | |
|    ) | |
|       Plaintiffs,    ) | |
|    ) | |
| vs.    ) | Case No.  CIV-06-0851-F |
|    ) | |
| NUVELL CREDIT CORPORATION,    ) | |
| et al.,    ) | |
|    ) | |
|       Defendants,    ) | |
|    ) | |
| vs.    ) | |
|    ) | |
| PREMIER ADJUSTERS, INC.,    ) | |
|    ) | |
|       Third-Party Defendant/    ) | |
|       Fourth-Party Plaintiff,    ) | |
|    ) | |
| vs.    ) | |
|    ) | |
| AMERICAN RECOVERY    ) | |
| SPECIALISTS, INC.,    ) | |
|    ) | |
|       Fourth-Party Defendant.    ) | |

## <u>ORDER</u>

Two motions, both filed August 1, 2007, are before the court:  the "Motion for Partial Summary Judgment of Third-Party Defendant and Fourth-Party Plaintiff, Premier Adjusters, Inc." (doc. no. 38); and "Fourth-Party Defendant American Recovery Specialists, Inc.'s Motion for Partial Summary Judgment" (doc. no. 39). Plaintiffs, Curtis Ray Terry, Kathryn-Smith Terry, and Kathryn-Smith Terry as next friend and guardian of the minor child R.K.S. (the Terrys), have responded to the motions and the movants have replied.  The defendants, Nuvell Credit Corporation

and Nuvell Credit Company, LLC (the Nuvell defendants), have not responded to either motion. Accordingly, the motions are ready for determination.

## I. Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant.  United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## II. Background[1]

This action was brought by the Terry plaintiffs, against the Nuvell defendants, in the District Court for Lincoln County in the State of Oklahoma.  It  was then removed by the Nuvell defendants to this court.  It arises out of events which occurred during or subsequent to the repossession of a Nissan Frontier vehicle from the Terrys' residence.  The Nuvell defendants, who are not movants, are alleged to be in the

---

[1]This background information is not intended as formal fact-findings; it is provided merely for context.

business of making consumer loans and funding consumer lending contracts for the purchase of automobiles.  The complaint alleges that after two men attempted to tow the Nissan Frontier from the Terrys' residence, plaintiff Curtis Terry told the men they were trespassing, retrieved his handgun, and warned the men not to take the vehicle. The complaint alleges that the sheriff's office was called, that Mr. Terry put his gun away, and that when the sheriff's department arrived Mr. Terry was mistakenly arrested under the false presumption that he was not allowed to carry a gun in defense of his home and family.  The complaint alleges that Mr. Terry was wrongfully charged with a felony for pointing his gun at the repossessing agents, that he was forced to hire an attorney to defend the criminal charges, and that he was ultimately acquitted of those charges in a jury trial.

Based on these alleged events, the complaint asserts four claims (or theories of liability) against the Nuvell defendants:  1) violation of the Oklahoma Consumer Protection Act; 2)  trespassing; 3) false imprisonment; and 4) violation of the Oklahoma version of the Uniform Commercial Code.  The Nuvell defendants, after answering the complaint, asserted a third-party claim against third-party defendant, Premier Adjusters, Inc. (Premier Adjusters) under Rule 14(a).  In the third-party complaint, the Nuvell defendants allege that Premier Adjusters is their independent contractor for repossession of vehicles in which the Nuvell defendants claim a security interest.  The third-party complaint alleges that if the plaintiffs are entitled to recover against the Nuvell defendants by reason of the matters alleged in the complaint, the Nuvell defendants are then entitled to full indemnity from the third-party defendant, Premier Adjusters, based on an indemnification agreement in which Premier Adjusters agreed to indemnify Nuvell for any and all losses arising out of  repossession activity performed under the agreement.

Third-party defendant Premier Adjusters answered the third-party complaint and, under Rule 14(a), Fed. R. Civ. P., alleged a fourth-party complaint against fourth-party defendant American Recovery Specialists, Inc. (American Recovery).[2]  The fourth-party complaint alleges that American Recovery is Premier Adjusters' independent contractor to repossess vehicles.  The fourth-party complaint alleges that if the Nuvell defendants are entitled to recover from Premier Adjusters, that Premier Adjusters is entitled to indemnity from American Recovery based on an indemnification agreement between them.

In this manner, the four claims originally alleged by the Terrys against the Nuvell defendants in this action, are also alleged, via the third- and fourth-party complaints, against the third- and fourth-party defendants, Premier Adjusters and American Recovery, respectively.  It is these two parties – Premier Adjusters and American Recovery – who have now moved for partial summary judgment, making two very similar arguments.  First, each motion argues that the movant is entitled to partial summary judgment on the false imprisonment claim.  Second, each motion argues that the movant is entitled to a finding that it cannot be liable for any damages resulting solely from the criminal proceedings brought against Mr. Terry.  These damages are alleged in ¶ 27 of the complaint, which states:

---

[2]Although the parties have not made an issue of jurisdiction, the court has a duty to inquire into its own jurisdiction.  This case was removed to this court based on diversity jurisdiction.  The fourth-party defendant, American Recovery Specialists, Inc., alleges that it is a citizen of Oklahoma.  The plaintiffs are also alleged to be Oklahoma citizens.  In the circumstances of this action, where the fourth-party defendant is brought in by the third-party defendant through Rule 14(a) based on an indemnity contract, the court has ancillary jurisdiction even when the citizenship of the plaintiffs and the fourth-party defendants is not diverse.  *See*, King Fisher Marine Service, Inc. v. 21st Phoenix Corporation, 893 F.2d 1155, 1158, 1165 (10th Cir. 1990) ("It is well settled...that a court has ancillary jurisdiction of a defendant's proper rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction (e.g., diversity between the third-party litigants), so long as the court has jurisdiction of the main claim between the original parties.").

As a result of Defendant's unlawful conduct, Plaintiffs were forced to hire a defense lawyer to defend[] Plaintiff Curtis Terry from false criminal charges, have suffered other actual damages and consequential damages, have suffered extreme emotional distress, have suffered loss of income, and have been forced to hire a lawyer to protect their legal rights. Plaintiffs' son [] remains afraid to sleep in his own bedroom, and despite Plaintiffs' assurances to the contrary, fears that his father may be arrested again.

These damage claims are then incorporated by reference in each of the plaintiffs' claims for relief,  as damages for Violation of [the] Oklahoma Consumer Protection Act ("First Cause of Action"), for Trespassing ("Second Cause of Action"), for False Imprisonment ("Third Cause of Action"), and for "Violation of [the] Oklahoma Commercial Code" ("Fourth Cause of Action").  *See*, complaint, ¶¶ 30-37.[3]

## III.  Discussion

### A.  False Imprisonment Claim

Among other arguments, each movant contends that the claim against it for false imprisonment is time-barred because, under 12 O.S. Supp. 2005 §95(A)(4), the applicable limitations period is one year.  This action was filed in the District Court for Lincoln County on July 24, 2006, approximately 1 year and 253 days after the alleged incident involving the repossession of the vehicle and the arrest of Mr. Terry, all of which it is undisputed occurred on November 14, 2004.  In their response briefs, plaintiffs concede that the false imprisonment claim is time-barred with respect to the third- and fourth-party defendants, and the court concurs.  Accordingly, the court finds and concludes that both movants are entitled to summary judgment in their favor on

---

[3]  The plaintiffs do not contest the movants' standing to seek an adjudication on the merits adverse to plaintiffs' claims, even though plaintiffs do not assert those claims directly against the movants.  Such a challenge would not succeed. *See, generally,* 3 Moore's Federal Practice, § 14.25 (Matthew Bender 3d Ed.).

plaintiffs' false imprisonment claim because that claim is time-barred.  In light of this finding, the court does not reach the movants' other arguments regarding the lack of merit of plaintiffs' false imprisonment claim.

B.  <u>Damages Resulting From
Criminal Proceedings against Mr. Terry</u>

As previously stated, the complaint, and the third- and fourth-party complaints which seek indemnity for any damages owed by the Nuvell defendants, seek damages from the movants for losses incurred by the Terrys as a result of the criminal prosecution of Mr. Terry.  The movants argue that they cannot be liable for these types of damages as a matter of law.  They argue that while these types of damages might be recoverable, at least to some extent, pursuant to a malicious prosecution claim, that malicious prosecution has not been alleged.  The movants further point out that no claim for malicious prosecution could exist here, because such a claim is not supported by the allegations or the evidence, and also because it would be barred by limitations.  The court concurs that any malicious prosecution claim would be time-barred, because that claim, like a false imprisonment claim, is subject to a one-year statute of limitations.  12 O.S. Supp. 2005 § 95(4).  Plaintiffs respond to these arguments by contending that the lack of a malicious prosecution claim is immaterial because the damages in question are sought under other theories of liability, i.e., under the Oklahoma version of the Uniform Commercial Code ("UCC" or "Code"), under the Oklahoma Consumer Protection Act, and under the law of trespass.

a.  <u>The UCC</u>.

To recover the damages arising from Mr. Terry's criminal prosecution under the UCC, plaintiffs rely on the remedies enumerated in §1-9-625 of the Code.  12A O.S. 2001 § 1-9-625.  Even construing the UCC's damages provisions liberally, the

types of damages which plaintiffs claim in this action as a result of the criminal proceedings against Mr. Terry are a far cry from the types of damages provided for by this section of Article 9.   For example, damages recoverable under this section include "loss resulting from the debtor's inability to obtain, or increased costs of, alternative financing."   12A O.S. 2001 § 1-9-625(b).   Moreover, if the Code had intended for damages such as consequential damages relating to criminal proceedings to be available under § 1-9-625, the drafters knew how to provide for such damages. The Code does so, in fact, in another context not applicable here.   *See*, 12A O.S. 2001 § 4-402.[4]

Even if the types of losses in issue here were damages of a type intended to be recoverable under § 1-9-625 as plaintiffs contend (a proposition the court does not endorse), the Code expressly limits losses recoverable under this section to a "loss *caused by* a failure to comply with [Article 9]."   *Id*.   (Emphasis added.)   *See also*, Mitchell v. Ford Credit Co., 688 P.2d 42, 45 (Okla. 1984) (UCC case in which the Court stated that whether or not damages were anticipated, damages for tort of conversion in repossessing collateral, are amount which will compensate the injured party for all the detriment proximately caused by the loss).   Here, it is undisputed that while two agents of American Recovery were executing the repossession order, Mr. Terry confronted the agents about what they were doing and armed himself with a 9 millimeter Glock pistol.   (Doc. no. 39, undisputed facts nos. 2, 3.)   It is also undisputed that Mr. Terry was prosecuted for felonious pointing of a firearm.   (Doc. no. 39, undisputed fact no. 8.)   It is further undisputed that it was this criminal

---

[4]This section provides:  "A payor's bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item.  Liability is limited to actual damages proved and may include damages for an arrest or prosecution of the customer or other consequential damages."

prosecution, for felonious pointing of a firearm, which caused plaintiffs to incur the types of damages now in question.

These undisputed facts show that, as a matter of law, the criminal proceedings against Mr. Terry, and any damages which resulted from those proceedings, were not caused by the conduct of the agents of Premier Adjusters or American Recovery, because Mr. Terry's own actions when he armed himself with a gun during his confrontation with the repossessing agents was an intervening cause. *See generally*, Johnson v. Mid-South Sports, Inc., 806 P.2d 1107, 1109 (Okla. 1991) (negligence case in which promoter of wrestling event was entitled to summary judgment because negligence of the promoter, if any, in allowing ramp to become slippery, merely furnished a condition which reacted with the independent act of an unknown person who hit the plaintiff spectator and knocked the plaintiff into the air and onto the ramp; the court stated that the slippery ramp "was a remote cause and not a proximate cause of the injuries"; the court further stated that "[t]he proximate cause of an event is that which in a natural and continuous sequence, unbroken by an independent cause, produces the event and without which the event would not have occurred," interior quotations omitted).

For these reasons, the court finds and concludes, based on the undisputed facts, that any damages resulting from the criminal proceedings against Mr. Terry are not recoverable against either movant under the UCC.

b.  The Oklahoma Consumer Protection Act.

Alternatively, plaintiffs argue that damages resulting from Mr. Terry's criminal prosecution are recoverable under the Oklahoma Consumer Protection Act. To make this argument, plaintiffs argue that the transaction in question is a "consumer transaction" as defined by 15 O.S. Supp. 2003 § 752(2), thus making available the remedies set out in 15 O.S. 2001 § 761.1 (entitled "Liability under Consumer

Protection Act").  Essentially, plaintiffs argue that the repossessing agents' alleged breach of the peace was a deceptive trade practice or some other type of violation of the Consumer Protection Act.

The basic events in question in this action are the repossession of the Nissan Frontier, the alleged breach of the peace which plaintiffs contend occurred when the agents did not leave the premises as requested, Mr. Terry's arming himself with a gun at the scene, and the subsequent criminal prosecution of Mr. Terry.  It is too much of a stretch to call events such as these "transactions," much less "consumer transactions."  As defined by the Oklahoma Consumer Protection Act, a consumer transaction means "advertising, [or] offering for sale or purchase, [or] sale, [or] purchase, or distribution of any services or any property...for purposes that are personal, household, or business oriented."  15 O.S. Supp. 2003 § 752(2).  The events in question simply do not involve a "consumer transaction" within the meaning of the Act.[5]

Even if the types of damages in issue here were otherwise recoverable under the Oklahoma Consumer Protection Act, such damages are still subject to proof of causation, that is, they must be shown to have been caused by the actions which the plaintiffs contend constituted the violation of the Consumer Protection Act.  *See*, Murray v. D & J Motor Co., Inc., 958 P.2d 823, 832 (Okla. Civ. App. 1998) (to avail herself of civil private remedy under the Oklahoma Consumer Protection Act, plaintiff must prove that she is a consumer, that a consumer transaction is involved, that the defendants engaged in some specific practice declared to be a violation of the Act, that plaintiff was aggrieved by the practice, and that actual damages were sustained by plaintiff as a result of the commission of the condemned practice.)

---

[5]Although a consumer transaction presumably occurred when Mr. Terry purchased the Nissan Frontier, that purchase transaction is not an issue in this lawsuit.

Plaintiffs contend that here, the practice or act which constituted a violation of the Consumer Protection Act was the repossessing agents' alleged breach of the peace which occurred when the agents refused to leave the Terrys' property after being requested by Mr. Terry to do so. For the reasons stated in the discussion of causation with respect to liability under the UCC, the court concludes that the undisputed facts of this case defeat any showing under the Oklahoma Consumer Protection Act that the damages which resulted from Mr. Terry's criminal prosecution were the result of the repossessing agents' alleged violation of the Consumer Protection Act.

For these reasons, the court finds and concludes that, on these undisputed facts, any damages resulting from the criminal proceedings against Mr. Terry are not recoverable against either movant under the Oklahoma Consumer Protection Act.

c. <u>Trespass</u>.

Finally, plaintiff relies on <u>Williamson v. Fowler Toyota, Inc.</u>, 956 P.2d 858 (Okla. 1998) for the proposition that the damages incurred as a result of Mr. Terry's criminal prosecution are recoverable by way of plaintiffs' trespass claim. <u>Williamson</u> involved a claim for $15,000 in punitive damages and a claim for actual damages of $45. The actual damages claim was comprised of a $30 claim for one hour of the plaintiff's billable time plus a $15 claim for the cost of the lock and chain which the agents of Fowler Toyota cut when they used bolt cutters to cut the chain on a gate to reach the vehicle they were repossessing. <u>Id</u>. at 860.

<u>Williamson</u> does not address the type of damages sought here – that is, damages whose relation to the trespass are extremely attenuated – because the damages in <u>Williamson</u> were obviously and directly caused by the trespass and breach of the

peace in question in that case.[6]  Consistent with the other rulings in this order, the court finds and concludes that, based on the undisputed facts of this case, the damages allegedly incurred by the Terrys as a result of Mr. Terry's criminal prosecution were not caused by the movants' alleged trespass or breach of the peace.

For these reasons, the court finds and concludes that, on these undisputed facts, any damages resulting from the criminal proceedings against Mr. Terry are not recoverable against either of the movants under the Oklahoma law of trespass.

### IV.  Conclusion

After careful consideration of the parties' submissions, the record, and the relevant legal authorities, the motions for partial summary judgment of third-party defendant Premier Adjusters, Inc., and of fourth-party defendant American Recovery Specialists, Inc., are **GRANTED**.  Summary judgment is entered in the movants' favor on the false imprisonment claim because that claim is time-barred with respect to the movants, as confessed by the plaintiffs and as found by the court.  Summary judgment is also entered in the movants' favor on any claims for damages against the movants, alleged under any of the plaintiffs' four theories of liability, to the extent damages are sought for losses incurred solely as a result of the criminal prosecution against Mr. Terry (i.e., the damages alleged in ¶ 27 of the complaint).

Following this ruling, the posture of the movants is as follows.  Premier Adjusters, Inc. remains as a third-party defendant and American Recovery Specialists,

---

[6]The facts of <u>Williamson</u> are distinguishable for other reasons, as well. The premises from which the car was repossessed were not the premises of the debtor.  The debtor had died and the car had been given to a camp, and the camp caretaker had taken the car to Williamson Auto to be examined to assure that the car was safe to sell.  The car was behind the chain-locked gate at Williamson Auto when the agents of Fowler Toyota, the secured creditor, cut the chain to reach and tow the car.  *Id*. at 859.  The court held that Fowler Toyota, as the secured creditor, had liability for any trespass.

Inc. remains as a fourth-party defendant, but only to the extent that damages *other than* damages resulting from the criminal prosecution of Mr. Terry are sought against these parties under any of the remaining, non-time-barred, claims – violation of the Oklahoma version of the Uniform Commercial Code, violation of the Oklahoma Consumer Protection Code, and trespass.

Dated this 20th day of September, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0851p008(pub).wpd